IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. BARNES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:18-CV-1022-ECM |
| | ) | [WO] |
| SGT. SHANNON ROLLINS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. Petitioner is an inmate incarcerated at the Chambers County Detention Facility in LaFayette, Alabama. He challenges the legality of his pre-trial detention, claiming that he is being held illegally on a violation of the Sex Offender Reporting Notification Act ("SORNA"), and requests that he be released from custody. Doc. 1.

In an answer filed on January 7, 2019, Respondents assert that Petitioner failed to exhaust available state remedies regarding each claim pending before this court. Specifically, Respondents maintain hat Petitioner may challenge his pretrial detention based upon the validity and sufficiency of the complaint and arrest warrant for his violation of Ala. Code § 15-20A-10 by presenting his claims in state court. Doc. 10 at 3–4. In light of this argument, the court entered an order affording Petitioner an opportunity to show cause why this habeas petition should not be dismissed for his failure to exhaust remedies available to him in the state courts. Petitioner filed no response.

**I. DISCUSSION**

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254 – including exhaustion of state

remedies – apply to" Petitioner as he challenges the validity of state court actions which resulted in his confinement and remain a potential basis for his confinement until resolution of the criminal charges pending against him in the state courts of Pike County, Alabama. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)]. For that reason, even though [Petitioner] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement" because the custody he seeks to challenge arises from the orders of a state court. *Dill*, 371 F.3d at 1302-1303.

The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State ..." 28 U.S.C. § 2254(1)(b)(1)(A). State remedies ordinarily are not considered exhausted if a petitioner may present his claims to the state courts by any available and adequate procedure. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard v. Connor*, 404 U.S. 270, 27-78 (1971). To exhaust fully, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Here, Petitioner has not shown that he has exhausted his available state court remedies regarding each claims in the petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust state

remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the court concludes that the petition for habeas corpus relief should be dismissed without prejudice so Petitioner can pursue his available state court remedies.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DENIED and the petition be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that **on or before April 16**, **2019,** the parties may file an objection. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 2nd day of April, 2019.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge